IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00360-WYD-MJW

RICHARD THOMPSON,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DOCTOR BLOOR, L.C.F. Medical staff, and
DOCTOR WALKER, L.C.F. Medical staff,

    Defendants.

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court in connection with Defendants' Motion to Dismiss. This motion was referred to Magistrate Judge Watanabe by Order of Reference dated April 10, 2007. Magistrate Watanabe issued a Recommendation on Defendant's Motion to Dismiss on December 17, 2007, and that Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Watanabe recommends therein that the Defendants' motion to dismiss be granted. Specifically, he recommends that the Plaintiff's Eighth Amendment claim be denied with prejudice and that this Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Recommendation at 10. Magistrate Judge Watanabe recommends dismissing Plaintiff's Eight Amendment claim because Plaintiff's allegations are insufficient to establish an Eighth Amendment claim in that Plaintiff merely alleges negligence and disagreement with the course of

treatment he has been receiving and challenges the competency of the providers, but does not allege that he has been denied medical treatment. Id. at 7-8.

Magistrate Judge Watanabe advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. Id. at 10. Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation under any standard I deem appropriate. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991)(stating that "[i]n the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate"); Thomas v. Arn, 474 U.S. 140, 150 (1985)(stating that "it does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record." See Fed. R. Civ. P. 72(b) Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Watanabe that the Plaintiff has failed to allege a violation of the Eighth Amendment by the Defendants and that this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. I also agree with Magistrate Judge Watanabe that because the

Plaintiff has failed to allege an Eighth Amendment violation and this Court has declined to exercise jurisdiction over the Plaintiff's remaining state law claims, it is unnecessary to address the Defendants' alternate grounds for dismissal. Magistrate Judge Watanabe did not grant the Defendants attorneys' fees, and I affirm. Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge Watanabe dated December 17, 2007 is **AFFIRMED and ADOPTED**. In accordance there with, it is

ORDERED that Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Specifically, it is

ORDERED that Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's Eighth Amendment claim, and this claim is **DISMISSED** with prejudice.

FURTHER ORDERED that the Motion to Dismiss is **GRANTED** as to all of Plaintiff's remaining claims, and these claims are **DISMISSED**. Finally, it is

ORDERED that the Motion to Dismiss is **DENIED** as to the request for attorneys fees under the Colorado Governmental Immunity Act.

Dated: February 22, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge